UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKY ANTHONY YOUNG,<br><br>                Plaintiff,<br><br>    v.<br><br>SCOTT RUSSELL et al.,<br><br>                Defendants. | CASE NO. C13-5079 BHS-JRC<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY |

      The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

      Defendants ask the Court to stay discovery pending a ruling on a motion for judgment on the pleadings (ECF No. 18). The motion is denied because dispositive motions, generally, do not stay discovery and discovery may be necessary for plaintiff to investigate his retaliation claims.

      Defendants cite the Court to two cases in which discovery was denied pending a ruling on a dispositive motion (ECF No. 18, *citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.

1988); *DiMartini v. Ferrin*, 889 F.2d 922, 925-27 (9th Cir. 1989)). In both of the cited cases, qualified immunity precluded discovery. Qualified immunity is "an affirmative defense that must be pleaded by a defendant official." *Harlow v. Fitzgerald*, 475 U.S. 800, 815 (1982)(*citing Gomez v. Toledo*, 446 U.S. 635 (1980)). The immunity is "*immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(italic in original). "Until this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Defendants' reliance on these two cases for the proposition that a court can simply stay discovery is misplaced.

Defendants have not raised qualified immunity in their motion for judgment on the pleadings (ECF No. 17). Defendants did, however, raise the affirmative defense in their answer. (ECF No. 7). Qualified immunity should be decided at the earliest possible stage of litigation. *Anderson v. Crieghton*, 483 U.S. 635, 646 FN 6. But because qualified immunity is an affirmative defense, it is incumbent on defendants to place the argument before the Court. Because defendants have not, and the Court is not deciding that issue at this point in the proceedings, the Court will not stay discovery based on qualified immunity.

The final case cited by defendants involves the stay of discovery where the facts were not at issue. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984). Plaintiff contends that defendants retaliated against him for his exercising his First Amendment right to redress government (ECF No. 1). Defendants deny these allegations. Thus, the facts are at issue.

Finally, plaintiff is alleging that defendants harbored an improper motive in their actions. Where the mental state of the actor is an element of the constitutional violation,

//

//

ORDER DENYING DEFENDANTS' MOTION
TO STAY DISCOVERY - 2

1 discovery may proceed. *Tribble v. Gardner*, 860 F.2d 321, 326-8 (9th Cir. 1988). The motion to

2 stay discovery is DENIED.

3     Dated this 10th day of June.

_____

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING DEFENDANTS' MOTION
TO STAY DISCOVERY - 3