UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY ANTHONY YOUNG,

Plaintiff,

v.

SCOTT RUSSELL et al.,

Defendants.

CASE NO. C13-5079 BHS-JRC

ORDER GRANTING PLAINTIFF A SIXTY-DAY EXTENSION OF TIME TO CONDUCT DISCOVERY

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Plaintiff asks the Court for a one-hundred-eighty-day extension of time to conduct discovery (ECF No. 46). The Court grants plaintiff a sixty-day extension of time. The Court denies any further extension at this time because plaintiff has failed to show that a longer extension of time is warranted. Plaintiff also filed a motion to compel discovery that the Court will address separately (ECF No. 48).

PRELIMINARY ISSUES

As a preliminary matter, plaintiff has made two factual statements that appear to be inaccurate. Plaintiff alleges that no documents were provided to him through the discovery process (ECF No. 46, p.6). Defendants' counsel swears under penalty of perjury that a CD with 441 pages of relevant documents was sent to plaintiff's representative, Danielle Vice (ECF No. 52-1). Defendants' conduct, providing the discovery to a representative of plaintiff, is allowed pursuant to Fed. R. Civ. P. 34. Further, it was plaintiff who specified who the representative would be (ECF No. 52, Attachment A).

Plaintiff also states that he will be charged twenty cents a page for hard copies of any discovery that he requests from the defendants (ECF No. 46, p.6). In fact, plaintiff's own exhibits show that defendants informed plaintiff that the charge for copies was ten cents a page -- half the amount plaintiff stated in his pleading to this Court (ECF No. 47, Exhibit C-4, letter dated May 10, 2013).

Local Rule 7(m) states that the Court expects the parties to file "accurate, complete documents, and the failure to do so may result in the court's refusal to consider later filed corrections or additions to the record." Fed. R. Civ. P. 11(b) provides that by presenting the Court with his pleading plaintiff is certifying the factual contents have an evidentiary base. Fed. R. Civ. P. 11(c) empowers the Court to impose sanction for violations of Fed. R. Civ. P. 11(b). The Court cautions plaintiff that further inaccurate filings may result in sanctions.

DISCUSSION

Plaintiff commenced discovery five days after the Court entered the scheduling order (ECF No. 46 p.1). Plaintiff complains because the first set of requests for production of documents were returned unanswered (ECF No. 46 *passim*). Defendants returned plaintiff's

requests because they were not addressed to a particular defendant and were sent to "defendants." (ECF No. 46, p. 1). Defendants' action in refusing to answer this request was substantially justified pursuant to Fed. R. Civ. P. 26(g) and 34(a) because discovery must be signed by the person who is certifying the answer to be true and correct to the best of their knowledge. Thus, discovery should be addressed to a particular person.

Defendants moved to stay discovery on April 9, 2013 (ECF No. 18). Defendants answered two outstanding requests for production on May 10, 2013 (ECF No. 47, Exhibit C-4). Thereafter, on June 6, 2013, defendants informed plaintiff by letter that they would not be answering further requests for production until the Court had ruled on a motion to stay discovery (ECF No. 47, Exhibit C-4, p.1of 7, letter dated June 6, 2013). The parties have not briefed the propriety of defendants' refusal. Defendants' refusal may have been improper under Local Rule 7(j), which addresses relief from a deadline.

The Court entered a scheduling order in this case that gave the parties five months to conduct discovery (ECF No. 8). Defendants' refusal to provide discovery while their motion to stay discovery was pending effectively reduced plaintiff's ability to complete discovery within the set time frame.

The Court has wide discretion to control discovery as part of the Court's inherent power to control its own docket. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Discovery rulings will not be overturned absent a clear abuse of discretion. *Id*. A sixty-day extension of time will allow plaintiff time to discover what information or facts defendants have in their possession and ameliorates defendants' conduct of stopping the discovery process. Accordingly, the Court grants plaintiff a sixty-day extension of time to conduct discovery. The Courts' scheduling order is modified as follows:

Discovery

All discovery shall be completed by September 26, 2013. Service of responses to interrogatories and to requests to produce, and the taking of depositions shall be completed by this date. Federal Rule of Civil Procedure 33(b)(3) requires answers or objections to be served within thirty (30) days after service of the interrogatories. The serving party, therefore, must serve his/her interrogatories at least thirty (30) days before the deadline in order to allow the other party time to answer.

Motions

Any dispositive motion shall be filed and served on or before October 25, 2013. The motion shall include in its caption (immediately below the title of the motion) a designation of the Friday upon which the motion is to be noted upon the Court's calendar. That date shall be the fourth Friday following filing of the dispositive motion. All briefs and affidavits in opposition to any motion shall be filed and served not later than 4:30 p.m. on the Monday immediately preceding the Friday appointed for consideration of the motion. The party making the motion may file, not later than 4:30 p.m. on the Thursday immediately preceding the Friday designated for consideration of the motion, a response to the opposing party's briefs and affidavits. The documents must indicate in the upper right-hand corner the name of the magistrate judge to whom the documents are to be delivered.

If a motion for summary judgment is filed, it is important for the moving party to advise the opposing party at the time the motion is served of the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as

ORDER GRANTING PLAINTIFF A SIXTY-DAY EXTENSION OF TIME TO CONDUCT DISCOVERY - 4

> a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

Joint Status Report

Counsel and pro se parties are directed to confer and provide the court with a joint status report by no later than February 28, 2014. The joint status report shall contain the following information by corresponding paragraph numbers:

1. A short and concise statement of the case, including the remaining legal and factual issues to be determined at trial;

2. A narrative written statement from each party setting forth the facts that will be offered by oral or written documentary evidence at trial;

3. A list of all exhibits to be offered into evidence at trial;

4. A list of the names and addresses of all the witnesses each party intends to call along with a short summary of anticipated testimony of each witness.

5. Whether the parties agree to arbitration or mediation under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));

6. Whether the case should be bifurcated by trying the liability issues before the damages issues, or specially managed in any other way;

7. Any other suggestions for shortening or simplifying the trial in this case;

8. The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

9. The dates on which trial counsel are unavailable and any other complications to be considered in setting a trial date;

10. Whether the trial will by jury or non-jury;

11. The number of trial days required, and suggestions for shortening trial;

12. The names, addresses, and telephone numbers of all trial counsel and unrepresented (pro se) parties who intend to appear at trial.

If the parties are unable to agree on any part of the report, they may answer in separate paragraphs. Separate reports are not to be filed. Plaintiff's counsel (or plaintiff, if pro se) will be responsible for initiating communications for the preparation of the joint status report.

Proof of Service & Sanctions

All motions, pretrial statements and other filings shall be accompanied by proof that such documents have been served upon counsel for the opposing party (or upon any party acting pro se). The proof shall show the day and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar of this court, by affidavit of the person who served the papers, or by any other proof satisfactory to the court. Such proof of service shall accompany both the original and duplicates filed with the Clerk. Failure to comply with the provisions of this Order can result in dismissal/default judgment or other appropriate sanctions.

Dated this 2nd day of August, 2013.

J. Richard Creatura
United States Magistrate Judge