UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY ANTHONY YOUNG,

Plaintiff,

v.

SCOTT RUSSELL et al.,

Defendants.

CASE NO. C13-5079 BHS-JRC

ORDER GRANTING PLAINTIFF A SIXTY-DAY EXTENSION OF TIME TO CONDUCT DISCOVERY

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Plaintiff asks the Court for a one-hundred-eighty-day extension of time to conduct discovery (ECF No. 46). The Court grants plaintiff a sixty-day extension of time. The Court denies any further extension at this time because plaintiff has failed to show that a longer extension of time is warranted. Plaintiff also filed a motion to compel discovery that the Court will address separately (ECF No. 48).

1                                     <u>PRELIMINARY ISSUES</u>

2         As a preliminary matter, plaintiff has made two factual statements that appear to be

3 inaccurate. Plaintiff alleges that no documents were provided to him through the discovery

4 process (ECF No. 46, p.6). Defendants' counsel swears under penalty of perjury that a CD with

5 441 pages of relevant documents was sent to plaintiff's representative, Danielle Vice (ECF No.

6 52-1). Defendants' conduct, providing the discovery to a representative of plaintiff, is allowed

7 pursuant to Fed. R. Civ. P. 34. Further, it was plaintiff who specified who the representative

8 would be (ECF No. 52, Attachment A).

9         Plaintiff also states that he will be charged twenty cents a page for hard copies of any

10 discovery that he requests from the defendants (ECF No. 46, p.6). In fact, plaintiff's own exhibits

11 show that defendants informed plaintiff that the charge for copies was ten cents a page -- half the

12 amount plaintiff stated in his pleading to this Court (ECF No. 47, Exhibit C-4, letter dated May

13 10, 2013).

14         Local Rule 7(m) states that the Court expects the parties to file "accurate, complete

15 documents, and the failure to do so may result in the court's refusal to consider later filed

16 corrections or additions to the record." Fed. R. Civ. P. 11(b) provides that by presenting the

17 Court with his pleading plaintiff is certifying the factual contents have an evidentiary base. Fed.

18 R. Civ. P. 11(c) empowers the Court to impose sanction for violations of Fed. R. Civ. P. 11(b).

19 The Court cautions plaintiff that further inaccurate filings may result in sanctions.

20                                       <u>DISCUSSION</u>

21         Plaintiff commenced discovery five days after the Court entered the scheduling order

22 (ECF No. 46 p.1). Plaintiff complains because the first set of requests for production of

23 documents were returned unanswered (ECF No. 46 *passim*). Defendants returned plaintiff's

24

ORDER GRANTING PLAINTIFF A SIXTY-DAY
EXTENSION OF TIME TO CONDUCT
DISCOVERY - 2

1    requests because they were not addressed to a particular defendant and were sent to

2    "defendants." (ECF No. 46, p. 1). Defendants' action in refusing to answer this request was

3    substantially justified pursuant to Fed. R. Civ. P. 26(g) and 34(a) because discovery must be

4    signed by the person who is certifying the answer to be true and correct to the best of their

5    knowledge.  Thus, discovery should be addressed to a particular person.

6        Defendants moved to stay discovery on April 9, 2013 (ECF No. 18). Defendants

7    answered two outstanding requests for production on May 10, 2013 (ECF No. 47, Exhibit C-4).

8    Thereafter, on June 6, 2013, defendants informed plaintiff by letter that they would not be

9    answering further requests for production until the Court had ruled on a motion to stay discovery

10   (ECF No. 47, Exhibit C-4, p.1of 7, letter dated June 6, 2013). The parties have not briefed the

11   propriety of defendants' refusal. Defendants' refusal may have been improper under Local Rule

12   7(j), which addresses relief from a deadline.

13       The Court entered a scheduling order in this case that gave the parties five months to

14   conduct discovery (ECF No. 8). Defendants' refusal to provide discovery while their motion to

15   stay discovery was pending effectively reduced plaintiff's ability to complete discovery within

16   the set time frame.

17       The Court has wide discretion to control discovery as part of the Court's inherent power

18   to control its own docket. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Discovery

19   rulings will not be overturned absent a clear abuse of discretion. *Id*. A sixty-day extension of

20   time will allow plaintiff time to discover what information or facts defendants have in their

21   possession and ameliorates defendants' conduct of stopping the discovery process. Accordingly,

22   the Court grants plaintiff a sixty-day extension of time to conduct discovery. The Courts'

23   scheduling order is modified as follows:

24

ORDER GRANTING PLAINTIFF A SIXTY-DAY
EXTENSION OF TIME TO CONDUCT
DISCOVERY - 3

1

Discovery

2      All discovery shall be completed by September 26, 2013.  Service of responses to

3 interrogatories and to requests to produce, and the taking of depositions shall be completed by

4 this date.  Federal Rule of Civil Procedure 33(b)(3) requires answers or objections to be served

5 within thirty (30) days after service of the interrogatories.  The serving party, therefore, must

6 serve his/her interrogatories at least thirty (30) days before the deadline in order to allow the

7 other party time to answer.

8

Motions

9      Any dispositive motion shall be filed and served on or before October 25, 2013. The

10 motion shall include in its caption (immediately below the title of the motion) a designation of

11 the Friday upon which the motion is to be noted upon the Court's calendar.  That date shall be

12 the fourth Friday following filing of the dispositive motion.  All briefs and affidavits in

13 opposition to any motion shall be filed and served not later than 4:30 p.m. on the Monday

14 immediately preceding the Friday appointed for consideration of the motion.  The party making

15 the motion may file, not later than 4:30 p.m. on the Thursday immediately preceding the Friday

16 designated for consideration of the motion, a response to the opposing party's briefs and

17 affidavits. The documents must indicate in the upper right-hand corner the name of the

18 magistrate judge to whom the documents are to be delivered.

19      If a motion for summary judgment is filed, it is important for the moving party to advise

20 the opposing party at the time the motion is served of the following:

21      A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

22      Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue

23 of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as

24

1    a matter of law, which will end your case.  When a party you are suing makes a motion
for summary judgment that is properly supported by declarations (or other sworn

2    testimony), you cannot simply rely on what your complaint says.  Instead, you must set
out specific facts in declarations, deposition, answers to interrogatories, or authenticated

3    documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's
declarations and documents and show that there is a genuine issue of material fact for

4    trial.  If you do not submit your own evidence in opposition, summary judgment, if
appropriate, may be entered against you.  If summary judgment is granted, your case will

5    be dismissed and there will be no trial.

6    *Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

7    <u>Joint Status Report</u>

8    Counsel and pro se parties are directed to confer and provide the court with a joint status

9    report by no later than February 28, 2014.  The joint status report shall contain the following

10    information by corresponding paragraph numbers:

11    1.    A short and concise statement of the case, including the remaining legal and

12    factual issues to be determined at trial;

13    2.    A narrative written statement from each party setting forth the facts that will be

14    offered by oral or written documentary evidence at trial;

15    3.    A list of all exhibits to be offered into evidence at trial;

16    4.    A list of the names and addresses of all the witnesses each party intends to call

17    along with a short summary of anticipated testimony of each witness.

18    5.    Whether the parties agree to arbitration or mediation under this district's

19    arbitration program, and if so whether the arbitration will be final and conclusive or the right to

20    trial de novo will be preserved (see Local Rule CR 39.1(d));

21    6.    Whether the case should be bifurcated by trying the liability issues before the

22    damages issues, or specially managed in any other way;

23    7.    Any other suggestions for shortening or simplifying the trial in this case;

24

1        8.      The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

2        9.      The dates on which trial counsel are unavailable and any other complications to

3 be considered in setting a trial date;

4      10.    Whether the trial will by jury or non-jury;

5      11.    The number of trial days required, and suggestions for shortening trial;

6      12.    The names, addresses, and telephone numbers of all trial counsel and

7 unrepresented (pro se) parties who intend to appear at trial.

8        If the parties are unable to agree on any part of the report, they may answer in separate

9 paragraphs.  Separate reports are not to be filed.  Plaintiff's counsel (or plaintiff, if pro se) will be

10 responsible for initiating communications for the preparation of the joint status report.

11 <u>Proof of Service & Sanctions</u>

12        All motions, pretrial statements and other filings shall be accompanied by proof that such

13 documents have been served upon counsel for the opposing party (or upon any party acting pro

14 se).  The proof shall show the day and manner of service and may be by written acknowledgment

15 of service, by certificate of a member of the bar of this court, by affidavit of the person who

16 served the papers, or by any other proof satisfactory to the court.  Such proof of service shall

17 accompany both the original and duplicates filed with the Clerk.  Failure to comply with the

18 provisions of this Order can result in dismissal/default judgment or other appropriate sanctions.

19        Dated this 2nd day of August, 2013.

20

21

22 J. Richard Creatura
United States Magistrate Judge

23

24