UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY ANTHONY YOUNG,

          Plaintiff,

   v.

SCOTT RUSSELL et al.

          Defendants.

CASE NO. C13-5079 BHS-JRC

ORDER

      The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

      Plaintiff has filed a motion to compel discovery, but he has not documented whether or not he has met and conferred with opposing counsel as required by Local Rule 37. Further, plaintiff's motion is not in the format required by Local Rule 37.

      Because plaintiff is an inmate, the Court orders defendants' counsel to contact plaintiff and arrange a conference. The Court orders the parties to confer on or before August 29, 2013. The conference may take place face to face or telephonically. If plaintiff chooses to file a motion

ORDER - 1

to compel after the conference, then plaintiff must re-file his motion in the format required by Local Rule 37. The Court has attached the complete text of Local Rule 37 and Local Rule 37, Appendix B to this order. Because plaintiff is an inmate, plaintiff is excused from complying with the portions of the Local Rule that requires plaintiff to "make the submission available in computer-readable format."

Dated this 6th day of August, 2013.

J. Richard Creatura
United States Magistrate Judge

**Local Rule 37.**

**FAILURE TO MAKE DISCLOSURE OR COOPERATE IN DISCOVERY; SANCTIONS**

**(a) Motion for Order Compelling Disclosure or Discovery**

(1) *Meet and Confer Requirement.* Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If the court finds that counsel for any party, or a party proceeding pro se, willfully refused to confer, failed to confer in good faith, or failed to respond on a timely basis to a request to confer, the court may take action as stated in CR 11 of these rules.

(2) *Expedited Joint Motion Procedure.* A motion for an order compelling disclosure or discovery may be filed and noted in the manner prescribed in LCR 7(d)(3). Alternatively, the parties may, by agreement, utilize the expedited procedure set forth in this subsection. If the parties utilize this procedure, the motion may be noted for consideration for the day the motion is filed. After the parties have conferred, a party may submit any unresolved discovery dispute to the court through the following

procedure:

(A) The moving party shall be responsible for preparing and filing a joint LCR 37 submission to the court. An example of an LCR 37 submission is attached as Appendix B.

(B) The moving party may draft an introductory statement, setting forth the context in which the dispute arose and the relief requested. Each disputed discovery request and the opposing party's objection/response thereto shall be set forth in the submission. Immediately below that, the moving party shall describe its position and the legal authority which supports the requested relief.

The moving party shall provide the opposing party with a draft of the LCR 37 submission and shall also make the submission available in computer-readable format.

(C) Within seven days of receipt of the LCR 37 submission from the moving party, the opposing party shall serve a rebuttal to the moving party's position for each of the disputed discovery requests identified in the motion. The opposing party may also include its own introductory statement. The opposing party's rebuttal for each disputed discovery request shall be made in the same document and immediately following the moving party's statement in support of the relief requested. If the opposing party no longer objects to the relief requested, it shall so state and respond as requested within seven days from the date the party received the draft LCR 37 submission. If the opposing party fails to respond, the moving party may file the LCR 37 submission with the court and state that no response was received.

(D) The moving party's reply, if any, in support of a disputed discovery request shall follow the opposing party's rebuttal for such request in the joint submission and shall not exceed one half page for each reply.

(E) The total text that each side may contribute to a joint LCR 37 submission shall not exceed twelve pages. This limit shall include all introductory or position statements, and statements in support of, or in opposition to, a particular request, but shall not include the discovery request itself.

(F) Each party may submit declarations for the purpose of attaching documents to be considered in connection with the submission and to provide sufficient information to permit the court to assess expenses and sanctions, if appropriate. If a party fails to include information sufficient to justify an award of fees, it shall be presumed that any request for fees has been waived. A declaration shall not contain any argument.

(G) The moving party shall prepare a proposed order that identifies each of the discovery requests at issue, with space following each of the requests for the court's decision. This proposed order shall be attached as a Word or Word Perfect compatible file to an e-mail sent to the e-mail orders address of the

assigned judge pursuant to the court's Electronic Filing Procedures.

(H) The moving party shall be responsible for filing the motion containing both parties' positions on the discovery disputes, any declarations submitted by the parties, and the proposed form of order. The moving party shall certify in the motion that it has complied with these requirements. The submission shall be noted for consideration on the date of filing and shall be described as a "LCR 37 Joint Submission."

(I) If all parties agree to do so, they may use the expedited joint motion procedure for other types of motions, including but not limited to motions to seal, motions for relief from a deadline, and motions in limine. The timing and procedure shall be the same as set forth above except that (1) instead of setting forth the disputed discovery request and the opposing party's objection/response thereto, the moving party should set forth the relief requested and the legal authority that supports the requested relief, and (2) the moving party must submit a proposed order that sets forth the relief requested.

Sample form Appendix B.

# CIVIL RULES

## APPENDIX B. SUBMISSION REGARDING REQUEST FOR PRODUCTION

### See LCR 37

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONES ACTOR, | No. C01-9999RSL |
| Plaintiff, | |
| v. | LCR 37 SUBMISSION REGARDING REQUEST FOR PRODUCTION |
| BIG ROSE FLOWER COMPANY, | NO. 17 |
| Defendant. | NOTE ON MOTION CALENDAR: [insert date] |

**I. MOVING PARTY'S INTRODUCTORY STATEMENT**

Defendant Big Rose Flower Company is the moving party for this submission. Plaintiff Jones Actor is seeking more than $2.5 million in damages, claiming that at the time he purchased Big Rose stock, Big Rose allegedly failed to disclose that the property owned by Big Rose for growing flowers would be unable to produce a suitable crop in 2000. It is claimed that these alleged misstatements violated Section 10(b) of the 1934 Securities Exchange Act and the Washington Securities Act.

These allegations are untrue. Further, Actor is a director of a company that is also in the flower business, Fleurs 'R' Nous Company, and he was undoubtedly aware of the problems caused by the 1999 drought, which affected all flower producing companies in the Northwest.

## II. RESPONDING PARTY'S STATEMENT

Jones Actor purchased nearly $3 million of stock in Big Rose--stock that is worth less than $500,000 today. He purchased this substantial amount of stock because of glowing reports from Big Rose regarding its prospects for future profits.

However, things were not as rosy as they seemed. All of Big Rose's land holdings used to produce flowers were not only severely parched by the 1999 drought, but also contaminated with chemicals because of a mistake in choosing fertilizers. Big Rose knew that it was unlikely that these chemicals could be removed from the soil in time to produce a profitable crop for 2000. When this information was finally disclosed to the public, Big Rose stock plummeted in value.

## III. DISPUTED DISCOVERY REQUESTS

REQUEST FOR PRODUCTION 17: Please produce all income tax returns for 1995 through 2000 for the Fleurs 'R' Nous Company.

RESPONSE: Actor objects to this request on the grounds that it calls for information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought is confidential.

**Moving Party's Argument**

Actor claims that he was deceived by the alleged omissions of information from Big Rose's public statements. To defend against this claim, Big Rose will show that Actor is a sophisticated individual, who was aware of the risks in the flower business and who also had information obtained by Fleurs 'R' Nous regarding the problems that Big Rose was having with its land at the time he was buying Big Rose stock. Defendants in security cases are properly allowed to obtain tax returns, because they help show the plaintiff's degree of sophistication and understanding of the risks of investment. *Davis v. Big Co.*, 123 F.3d 777, 788 (9th Cir. 1999). Further, the tax return may identify individuals with knowledge of Actor's understanding of the industry.

**Responding Party's Response**

1   While it is true that tax returns may be produced to show the degree of sophistication of a securities plaintiff, the tax returns sought here are not Actor's personal tax returns, but
2   rather the tax returns for a company in which he is a director and part owner. That company is not a party to these proceedings. Non-parties should not be forced to produce
3   their tax returns absent very compelling reasons. *Westminster v. Abbey*, 867 F.3d 309, 312 (9th Cir. 1999). No compelling reasons have been presented. Fleurs 'R' Nous is not a
4   publicly traded company, and its financial and other information is maintained as confidential. It is a competitor of Big Rose, and disclosure of this information through
5   discovery could be harmful.

6   **Moving Party's Reply**

7   Actor's supposed concern about Fleurs 'R' Nous' confidential information can be addressed through a protective order. Big Rose will agree not to disclose this information
8   to persons other than counsel and experts absent agreement of the parties or further order of the court. While Fleurs 'R' Nous is not a party, its tax returns may contain information
9   about money spent addressing the drought problem that was common to several floral companies. Thus, the information could lead to the discovery of admissible evidence.

## CERTIFICATION

I certify that the full response by the responding party has been included in this submission, and that prior to making this submission the parties conferred to attempt to resolve this discovery dispute in accordance with LCR 37(a).

DATED:

_____

Ira Just (WSBA #1234) Attorneys for Big Rose Company Moving Party

| LCR 37 SUBMISSION | Law Firm of Lawyers |
| (C01-9999RSL) | 10,000 Fifth Avenue |
| | Seattle, Washington 98104 |

ORDER - 6