UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY ANTHONY YOUNG,

                          Plaintiff,

v.

SCOTT RUSSELL, et al.,

                          Defendants.

CASE NO. C13-5079 BHS-JRC

ORDER ADOPTING IN PART,
DECLINING TO ADOPT IN
PART, AND MODIFING THE
REPORT AND
RECOMMENDATION

        This matter comes before the Court on the Report and Recommendation ("R&R")

of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 45),

Defendants' objections to the R&R (Dkt. 51) and Plaintiff Ricky Anthony Young's

("Young") objections to the R&R (Dkt. 54).

        On April 9, 2013, Defendants filed a motion for judgment on the pleadings.  Dkt.

17.  On June 12, 2013, Judge Creatura issued the R&R recommending that the Court

grant the motion in part and deny the motion in part.  Dkt. 45.  On June 21, 2013,

Defendants filed objections.  Dkt. 51.  On July 1, 2013, Young filed objections.  Dkt. 54.

On July 10, 2013, Defendants responded to Young's objections.  Dkt. 57.  On July 19,

2013, Young responded to Defendants' objections.  Dkt. 58.

1   The district judge must determine de novo any part of the magistrate judge's

2   disposition that has been properly objected to. The district judge may accept, reject, or

3   modify the recommended disposition; receive further evidence; or return the matter to the

4   magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

5   **A.      Defendant Warner**

6   Defendants contend that the Court should dismiss Young's claims against

7   Defendant Warner because he is not a party in this action.  Dkt. 51 at 4.  The Court agrees

8   and declines to adopt the R&R on this issue (Dkt. 45 at 8).

9   **B.      42 U.S.C. § 1985**

10  Judge Creatura recommends that the Court dismiss Young's section 1985 claim

11  because Young fails to allege that any conspiracy was based on Young's race or class.

12  Dkt. 45 at 4.  Young objects on the basis that more than one individual conspired against

13  him.  Dkt. 54 at 2–6.  Young's objection is without merit because it does not address the

14  reason he fails to state a claim under section 1985.  Therefore, the Court adopts the R&R

15  on this issue.

16  **C.      Access to Courts**

17  Judge Creatura recommends that the Court deny Young's claim for denial of

18  access to the courts because Young fails to allege an actual denial of access to any court.

19  Dkt. 45 at 4–5.  Young objects on the ground that Defendants group his grievances

20  together which indirectly limits his ability to file a federal case as to each grievance.  Dkt.

21  54 at 6–9.  Even if true, this is not denial of access to this or any other court.  Therefore,

22  the Court adopts the R&R on this issue.

**D.      Retaliation**

Retaliation against prisoners for the exercise of their First Amendment rights is a constitutional violation. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005)). There are five basic elements for a viable claim of First Amendment retaliation in the prison context:

> (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Brodheim*, 584 F.3d at 1269 (citing *Rhodes*, 408 F.3d at 567–8).

In this case, Young alleges numerous allegations of retaliation by Defendants. *See* Dkt. 1. Judge Creatura recommends granting Defendants' motion as to some allegations and denying the motion as to other allegations. Dkt. 45 at 5–10. Specifically, Judge Creatura recommends denying the motion as to Defendants John Thompson, Dan White, Scott Russell, Ron Frederick, Jean Anderson, Jan Austin, Matthew Cossette, Liza Rohrer, and Earl Wright. Dkt. 45 at 5–8. Defendants object to the majority of these recommendations. Dkt. 51 at 4–10. Judge Creatura recommends granting the motion as to Defendants Clara Curl, Sharon Thach, Tamara Rowden, Deborah Wofford, and Debra Dobson. Dkt. 45 at 9. Young objects to these recommendations. Dkt. 54 at 10–12. Defendants also assert that the R&R does not address Young's claims against Defendant Stephen Sinclair. Dkt. 51 at 4–5.

1        **1.      Stephen Sinclair**

2        The Court is "not required to accept as true conclusory allegations which are

3    contradicted by documents referred to in the complaint."  *Steckman v. Hart Brewing, Inc.*,

4    143 F.3d 1293, 1295–96 (9th Cir. 1998)

5        In this case, Young alleges that a letter Stephen Sinclair sent to Young threatens

6    retaliation.  Specifically, Young alleges that the letter from Stephen Sinclair threatened

7    Young "with transfer from [his current place of imprisonment], by stating that [Young]

8    should consider approaching [his] counselor to obtain a transfer from [that facility]."

9    Dkt. 1, Attachment B, ¶ 50.  Young's conclusory allegation that Sinclair threatened him

10   is directly contradicted by his reference to the letter that provides a suggestion to

11   voluntarily seek a transfer.  The Court is not required to accept Young's conclusory

12   allegation as true, and, in fact, the Court finds that a suggestion to voluntarily seek a

13   transfer fails to state a cognizable claim for retaliation.  Therefore, the Court grants

14   Defendants' motion on this issue and dismisses Young's retaliation claim against

15   Sinclair.

16       **2.      Clara Curl, Sharon Thach, Tamara Rowden and Deborah Wofford**

17       Judge Creatura recommends granting Defendants' motion as to Clara Curl, Sharon

18   Thach, Tamara Rowden, and Deborah Wofford because Young's claims against them are

19   only based on the allegation that these individuals either denied Young's grievances or

20   denied his appeal of grievances.  Dkt. 45 at 9.  Young objects arguing that these

21   Defendants retaliated by either grouping his grievances or simply ignoring grievances,

22   which preventing him from filing federal cases based on denial and exhaustion of those

1  grievances.  Dkt. 54 at 10.  Judge Creatura reasoned that the "First Amendment

2  guarantees the right to petition government for redress, it does not guarantee the person

3  will obtain the relief sought."  Dkt. 45 at 9.  While true, this doesn't address the logic of

4  Young's claims.  What Young fails to sufficiently allege, beyond conclusory allegations,

5  is that Defendants' interference with his state law right to file a grievance chilled his

6  constitutional right of access to a court. Therefore, the Court adopts the R&R in part,

7  modifies it in part, and grants Defendants' motion on this issue.

8          **3.      Debra Dobson**

9          Judge Creatura recommends that the Court grant Defendants' motion as to Debra

10  Dodson because Young "fails to allege that defendant Dodson took any action against

11  him for the filing of the request."  Dkt. 45 at 9.  Young objects arguing that he alleged

12  Dodson failed to adequately respond to Young's public disclosure request.  Dkt. 54 at 12.

13  Young's objection is without merit because Dodson's only interaction with Young was

14  receiving his request and responding.  Other than conclusory allegations, Young fails to

15  sufficiently allege causation between Dodson's response and Young's constitutionally

16  protected activities.  Therefore, the Court adopts the R&R on this issue.

17          **4.      Ron Frederick**

18          Young alleges that Ron Frederick retaliated against him by responding to one of

19  Young's grievances by stating that "'libel and slander' were not protected under the 'First

20  Amendment.'"  Dkt. 1, ¶ 55.  Judge Creatura recommends that the Court deny

21  Defendants' motion to dismiss because Young has sufficiently stated a claim for relief

22  against Frederick.  Dkt. 45 at 7.  Defendants object on the grounds that it "is hard to

1    conceive that such a statement could be a threat or any other adverse action." Dkt. 51 at

2    6.  The Court agrees because informing an inmate that tortuous conduct is not protected

3    by the Constitution is not an adverse action.  Therefore, the Court declines to adopt the

4    R&R on this issue and grants Defendants' motion on this issue.

5         **5.      Jean Anderson, Scott Russell, and Liza Rohrer**

6         Judge Creatura recommends the Court deny Defendants' motion for judgment on

7    Young's claims against Jean Anderson, Scott Russell, and Liza Rohrer because they are

8    implicated in either the decision to transfer Young or upholding the decision to transfer

9    Young.  Dkt. 45 at 8.  Defendants raise two objections:  (1) ruling on an appeal is not an

10   adverse action and (2) Young failed to show causation between the action and his speech.

11   Dkt. 51 at 9–10.  The Court disagrees with Defendants because Young has sufficiently

12   alleged that Anderson, Russell, and Rohrer were aware of Young's "unhappiness" at his

13   original facility.  Viewing the allegations in the light most favorable to Young, one can

14   reasonably infer that being aware of Young's unhappiness means the person was also

15   aware of Young's multiple grievances and court filings.  From that, it is possible to show

16   that the decision on appeal or failure to act on an appeal was motivated by Young's

17   protected activities.  Therefore, the Court adopts the R&R on this issue.

18        **6.      Earl Wright**

19        Young alleges that Earl Wright retaliated against him by writing a letter to Young

20   upholding Defendant John Thompson's job evaluation and performance.  Judge Creatura

21   failed to provide any specific explanation as to why this claim survives Defendants'

22   motion.  *See* Dkt. 45 at 8.  Defendants object on the basis that upholding the performance

and evaluation was not an adverse action, Young fails to show causation, and such an action would not chill an individual's protected rights.  Dkt. 51 at 8–10.  The Court agrees.  Other than his conclusory allegations, Young fails to sufficiently allege causation and, even if true, the actions do not sufficiently state a claim for retaliation.  Therefore, the Court declines to adopt the R&R on this issue and grants Defendants' motion on this issue.

**7.    John Thompson, Dan White, Jan Austin, Matthew Cossette**

Defendants concede that Young's allegations against John Thompson, Dan White, Jan Austin, and Matthew Cossette survive the motion for judgment on the pleadings. Dkt. 51 at 11, n. 6.  The Court declines to narrow the specific basis to support these claims at this time because the parties can do so with additional, more specific dispositive motions.

Therefore, the Court having considered the R&R, the parties' objections, and the remaining record, does hereby find and order as follows:

(1)    The Court **ADOPTS** the R&R in part, **DECLINES TO ADOPT** the R&R in part, and **MODIFIES** the R&R;

(2)    Defendants' motion for judgment on the pleadings is **GRANTED** in part and **DENIED** in part as stated herein; and

1       (3)     Young's claims against Defendants Clara Curl, Sharon Thach, Tamara

2 Rowden, Deborah Wofford, Debra Dobson, Stephen Sinclair, Ron Frederick, and Earl

3 Wright are **DISMISSED**.

4       Dated this 29th day of August, 2013.

5

6

7                                        BENJAMIN H. SETTLE
                                        United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22