UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY ANTHONY YOUNG,

    Plaintiff,

v.

SCOTT RUSSELL et al.,

    Defendants.

CASE NO. C13-5079 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
NOVEMBER 29, 2013

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

    The Court recommends denying plaintiff's repetitive motion for injunctive relief. Plaintiff has filed a second motion asking for the same injunctive relief that was previously denied. (*See* ECF 11 ¶¶ 12-14, and ECF No. 76-1 ¶ 8). Plaintiff complains that he can only obtain 200 pages of typing paper twice a month, or 400 pages per month. Plaintiff alleges without proof that this amount of paper is inadequate for him to conduct discovery. Plaintiff signed his motion for injunctive relief on September 19, 2013 (ECF No. 76). The discovery cutoff date in this action was September 26, 2013 (ECF No. 59). The Court specifically told the parties that discovery must be completed by this date and that interrogatories needed to be served

REPORT AND RECOMMENDATION - 1

thirty days earlier (ECF No. 59). Thus, at the time plaintiff filed this motion he could not have served any further interrogatories. This time line indicates to the Court that plaintiff may not have brought this motion in good faith. Defendants ask the Court to warn plaintiff regarding his future filings (ECF No. 79). Plaintiff replies and argues that he has suffered injury as a result of discovery delays in this case (ECF No. 85).

## STANDARD OF REVIEW

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as a right. *Munaf v. Geren*, 553 U.S. 674, 689–90, (2008) (citations and quotation omitted). Instead, the Court must "balance the competing claims of injury and ... the effect of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24 (2008) (*quoting Amoco Production Company v. Gambell*, 480 U.S. 531, 542 (1987)). A plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Winter*, 555 U.S. at 20.

The Prison Litigation Reform Act imposes additional limits on prospective relief:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (i)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). "[N]o longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

## DISCUSSION

### A. Likelihood of Success on the Merits.

Plaintiff's underlying claim involves alleged violations of plaintiff's right to redress government concerning problems that plaintiff perceives with the administration of prisons (ECF No. 1). Some of the problems plaintiff complained of such as legal forms at other facilities, do not necessarily involve plaintiff. Plaintiff also alleges that prison officials retaliated against him for exercising his First Amendment right to redress government. *Id*. The injunctive relief that he seeks is not related to his complaint.

Plaintiff has not shown a likelihood of success on the merits. Defendants previously noted that the injunctive relief he is requesting is not related to the underlying claim (ECF No. 14). The first factor in the balancing test favors defendants.

### B. Likelihood of irreparable injury.

Plaintiff does not show any likelihood of irreparable injury if his motion is denied. Plaintiff has one hundred pages of typing paper each week to use as he sees fit. This means he can obtain four hundred pages of typing paper per month. From the time this action was filed in February of 2013 until the end of September when plaintiff filed his second motion, he has had the opportunity to obtain 3200 pages of paper. Plaintiff fails to show that he cannot conduct discovery with the use of the available resources. The Court finds plaintiff's conclusory argument that he needs more paper is unsupported by the record and frivolous. The second factor in the balancing test favors denying the requested injunctive relief.

### C. Balancing the hardships.

The Court has considered the record in this case. Because plaintiff could not have sent additional interrogatories at the time this motion was made, the Court finds the balance of

1  hardships favors denial of any injunctive relief. The Court notes that plaintiff sought and
2  received additional time to conduct discovery (ECF No. 59). While plaintiff sought a 180 day
3  extension, the Court granted a 60 day extension. This extension should have given plaintiff the
4  ability to propound at least one more round of discovery. Plaintiff fails to show the balance of
5  hardships favors granting injunctive relief.
6       D.   Public Policy and the Prison Litigation Reform Act.
7       "The court shall give substantial weight to any adverse impact on public safety or the
8  operation of a criminal justice system caused by the preliminary relief and shall respect the
9  principles of comity set out in paragraph (i)(B) in tailoring any preliminary relief." 18 U.S.C. §
10 3626(a)(2). Plaintiff has failed to show that any change to the normal prison policy is warranted
11 or that the amount of paper prison officials made available to him was insufficient. The Court
12 recommends denying plaintiff's motion for injunctive relief.
13       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
14 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
15 6. Failure to file objections will result in a waiver of those objections for purposes of de novo
16 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
17 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
18 November 29, 2013, as noted in the caption.
19       Dated this 5th day of November, 2013.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4