UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY ANTHONY YOUNG,

        Plaintiff,

v.

SCOTT RUSSELL, et al.,

        Defendants.

CASE NO. C13-5079 BHS-JRC

ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS.

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

    The Court has reviewed plaintiff's motion for sanctions, (ECF No. 77), and finds that defendants' counsel has acted reasonably in trying to confer with plaintiff regarding discovery. Defendants' counsel responds to plaintiff's motion and states that the first discovery meeting lasted only fifteen minutes because prison officials removed plaintiff from the area and had him return to his unit for formal count (ECF No. 80). Defendants' counsel arranged a telephonic meeting that lasted over an hour and a half (*id*.). Counsel states that "plaintiff moved very slowly

ORDER DENYING PLAINTIFF'S
MOTION FOR SANCTIONS - 1

through the issues and spent large portions of this conference discussing his views of the First Amendment." (ECF No. 80, p. 2). Despite plaintiff's conduct, counsel set up another telephonic conference that lasted forty-five minutes (*id*.). When counsel concluded this conference he informed plaintiff that he believed he had complied with the Court's order and that plaintiff could file a motion to compel regarding issues they had discussed and issues they had not discussed (ECF No. 80).

The purpose of the meet and confer rule is to avoid unnecessary Court intervention in discovery disputes. The parties are required to confer in good faith. *See*, Fed. R. Civ., P. 37(a)(1). Counsel states that he does not interpret the Court's as requiring him to give plaintiff "unlimited time to air his grievances, opinions, and beliefs." (ECF No. 80, p. 3). Counsel argues that plaintiff seems determined to waste time and discuss issues not relevant to the discovery disputes. Given the amount of time spent on the conferences, the Court finds that defense counsel has fulfilled his obligation and the Court's order. Plaintiff's motion for sanctions is denied.

Dated this 6th day of November, 2013.

_____
J. Richard Creatura
United States Magistrate Judge